### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CHARLOTTE WEBB,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | **3:15-CV-00520 (RNC)** |
| **v.** | : | |
| | : | |
| **P.F. CHANG'S CHINA BISTRO, INC.,** | : | |
| **Defendant.** | : | **JUNE 1, 2015** |
| | : | |

## AMENDED COMPLAINT

### I.      INTRODUCTION

The plaintiff, **Charlotte Webb**, brings these claims for Retaliatory/Wrongful termination, hostile work environment, sexual harassment, and race discrimination, stemming from her employment as a server/waitress at **P.F. Chang's China Bistro, Inc.** (hereinafter "P.F. Chang's") under the supervision of Ernest Scalzi and Juan Bosio. The Plaintiff's Claims can be summarized as follows:

1)      Retaliatory Termination: The Plaintiff asserts that she was assaulted by the Executive Chef during the course of employment at PF Changs restaurant. Furthermore, she reported the assault to the Police, and claims that her termination was retaliatory in nature because she reported the assault to the local Police, who arrested the Executive Chef. Plaintiff intends to show that said retaliation was in violation of Connecticut General Statutes 31-51(m); CGS 31-51-q; CGS 54-85b(a)(2); CGS 46-60(a)(5); and the common law based on wrongful discharge in violation of public policy and negligent infliction of emotional distress.

2)     Hostile Work Environment: Plaintiff asserts that the actions of PF Changs and its management through hostilities as well as discriminatory practices fostered a hostile work environment which lead to severe ongoing emotional distress as well as the loss of her job, and income for a period of time. Plaintiff claims this hostile work environment included violations of CGS 31-51m; CGS 31-51q; CGS 46-60(a)(5); Negligent supervision and training; workplace tort of assault and battery; aiding and abetting assault/battery/hostile work environment; intentional infliction of emotional distress; and negligent infliction of emotional distress.

3)     Sexual Harassment/Racial Discrimination: Plaintiff asserts that PF Changs and its managers subjected the Plaintiff to an ongoing pattern of overt sexual language directed at her, sharing of sexual pictures by managers unsolicited by the Plaintiff, as well as ongoing sexual innuendo. Plaintiff suffered harm as a result of said conduct and claims that the Defendant has violated the CT Fair Employment Act including but not limited to CGS 46a-60(1) and (8), as well as the Connecticut Constitution. Plaintiff also claims there was overt intentional disparate racial discrimination in violation of the CT Fair Employment Act CGS 46a-60(1) et al, as well as the CT Constitution.

## II.   <u>PARTIES</u>

2.     At all times mentioned herein, the plaintiff, Ms. Charlotte Webb, an African American female, was a resident of New Rochelle, New York.

3.     At all relevant times mentioned herein, the plaintiff, Ms. Charlotte Webb, was employed by P.F. Chang's China Bistro, Inc.

4.     At all times relevant to this Complaint, the defendant, P.F. Chang's China Bistro,

Inc. was located in Stamford, Connecticut.

5.      At the relevant times mentioned herein, Ernest Scalzi and Juan Bosio were the General Manager and Executive Chef, respectively, of P.F. Chang's China Bistro, Inc.'s Stamford, CT. retail location, and the plaintiff's direct supervisors.

### III.    EXHAUSTION OF REMEDIES

6.      The plaintiff has timely filed her administrative complaints with the Connecticut Commission on Human Rights and Opportunities and the Equal Employment Opportunities Commission within 180 days of the termination of her employment.

7.      The plaintiff has received her release from the Connecticut Commission on Human Rights and Opportunities.  Less than 90 days have elapsed. See Exhibit A attached hereto.

### IV.    FACTS

8.      On or about January 24, 2014, the plaintiff began working for P.F. Chang's China Bistro in Stamford, CT as part of the kitchen staff.

9.      During the first 3 weeks of employment Charlotte Webb worked for P.F. Chang's China Bistro without incident.

10.     On or about the middle of February, 2014, the Executive Chef managing the kitchen at that time, Juan Bosio, asked if when in a relationship with a female, had the plaintiff, Charlotte Webb, used sex toys for penetration with her girlfriend. Mr. Bosio asked this question in front of one or more employees working in the kitchen at that time.

11. Ms. Webb, who was very upset and felt violated by the sexual nature of Juan Bosio's

question, told Mr. Bosio that she doesn't talk about her personal life, and that it's none of his business. Juan walked away cackling and giggling.

12.     Restaurant manager Ernest Scalzi also engaged Ms. Webb in sexually oriented talk during much of her time working for P.F. Chang's.

13.     The manager's at the P.F. Chang's China Bistro appeared to tolerate an atmosphere where inappropriate talk and jokes about women and sex was an ongoing problem that Ms. Webb had to endure.

14.     General Manager, Ernest Scalzi engaged in the following behaviors during the time Ms. Webb worked for him: Mr. Scalzi stated to Ms. Webb his penis size; Mr. Scalzi showed Ms. Webb pictures of naked women, including a former girlfriend who Mr. Scalzi stated was a former porn star; Mr. Scalzi made reference to a threesome sexual encounter in a conversation with Ms. Webb; and Mr. Scalzi also pestered Ms. Webb about his wanting to have sex with one of Ms. Webb's friends.

15.     The plaintiff was very uncomfortable with these conversations, but she was afraid to risk losing her job, as she really needed the money for rent and other expenses.

16. The Spanish language was a native tongue for Executive Chef Juan Bosio. He often spoke Spanish to the roughly 70% of the kitchen staff that were Latino. Only about 20-30% of the kitchen staff was black like Ms. Webb. Juan consistently showed favoritism to his Latino employees. For example, Mr. Bosio would allow his Spanish speaking staff to eat foods that were supposed to be off limits to the employees, but then would turn around and suddenly enforce the rules about what we should not eat if someone gave Ms. Webb the same food to eat.

17.     After Ms. Webb had been working for PF Chang's for 4-5 weeks Ernest Scalzi

offered to transfer Ms. Webb from the kitchen to working the "front of the house" waiting on tables. Ms. Webb eagerly took on the opportunity to get away from Juan Bosio's abusive and sexual talk, and to get a fresh start up front.

18.     On 6/11/14 around 6pm Charlotte Webb saw Juan Bosio working in the "drama" section of the kitchen. Ms. Webb said hi to Mr. Bosio who replied by saying "hi bitch", and immediately started laughing. Ms. Webb was very upset inside but still attempted to show Mr. Bosio respect since he is a manager and since she could not afford to lose her job. This was not the first time that Mr. Bosio talked to her that way.

19.     A little later in Ms. Webb's shift on 06/11/14 (roughly 7:15pm) she was walking to the "back of the house" to drop off a dish. After dropping off the dish Ms. Webb chose to take a short cut to get to table 92, because she previously noticed that dining table was dirty. While walking in the middle of the walkway past Juan Bosio, he and Ms. Webb made eye contact. Mr. Bosio said to Ms. Webb, 'where are you going bitch' and before Ms. Webb could answer she saw Bosio's open hand reach for her face and he slapped Webb on the right side of her face. Ms. Webb tried to block his hand from hitting her, but it happened so suddenly she was unable to protect herself.

20.     On 06/11/14, after Juan Bosio slapped Charlotte Webb, she started holding the right side of her face because it hurt from Bosio's slap. Ms. Webb could hear Jaquin a backwaiter and Morise a line cook start laughing loudly. Ms. Webb asked Mr. Bosio why he slapped her and he responded that Ms. Webb "should walk around with a note on her face that says please don't slap me."

21.     Ms. Webb was immediately filled with anxiety from the hard slap and added

commentary by Bosio. Ms. Webb was extremely embarrassed, ashamed, and humiliated by the Executive Chef's assault. She thought if she let them see her cry then they would start laughing again. Ms. Webb ran to the bathroom where she cried uncontrollably.

22.    On 06/11/14 Ms. Webb called the Police to report the assault.  She also immediately reported this event to PF Chang's Human Resources through a hot line number for employees. After Police talked to the parties and reviewed kitchen videotape, Juan Bosio was arrested and charged with disorderly conduct and assault 3rd degree.

23.    As of March 11, 2015 Mr. Bosio's charges are still pending, but after expressing remorse for his actions to the Court, Judge Bruce Hudock granted Mr. Bosio's application for the accelerated rehabilitation program on 09/23/2014 and put Mr. Bosio on unsupervised probation for the A/R program's maximum two year period.

24.    Ms. Webb felt very traumatized by the assault that occurred the night of 06/11/14, and had such an anxiety panic attack from it that she went to the emergency room near her home that evening and was treated for a panic attack.

25.    Ms. Webb met with a therapist following the assault at P.F. Chang's and has continued to be seen by a therapist through the present time. Until the assault on 06/11/2014 she had not felt a need to seek counseling.  She was also prescribed medication that she did not need prior to her experience working at P.F. Chang's in Stamford.

26.    After 06/11/14, Ms. Webb was immediately treated differently at P.F. Chang's by managers and some of the staff as they had sympathy for Juan Bosio and blamed her for his arrest and job termination.

27.     Ms. Webb believed prior to Juan Bosio's assault that she was a valued employee as she had been offered the opportunity to train other servers.

28.     On 06/28/14, Ms. Webb's uniform shirt got a little bit dirty from clearing dishes off of the tables. This was a typical occurrence. However, her managers made her purchase a new uniform shirt on the spot before continuing to work that shift. A professional appearance was always important to her. However, she never saw them place that burden on anyone else in similar circumstances. Ms. Webb continued to feel like she was being singled out and handled in an unusual way.

29.     On 07/03/14 Ms. Webb noticed that her managers at P.F. Chang's had severely cut her hours out of the blue with no prior notice. That same day Ms. Webb went to the emergency room again with anxiety/panic attack after finding out about them cutting her hours. She was really counting on those hours / that income to pay her rent.

30.     With no prior warning or notice, on 07/04/14 l Stamford P.F. Chang's management called Ms. Webb to tell her that she was fired from her job there.

31.     Ms. Webb was unemployed from 07/4/14 through 12/17/14. Despite her job search efforts it took her about 5.5 months to obtain a new job after P.F. Chang's terminated her employment. She is currently still employed.

32.     After Plaintiff's employment with P.F. Chang's China Bistro ended, Ms. Webb continued to be traumatized and she still suffers from pain, anxiety, and humiliation due her experience working at P.F. Chang's in Stamford.

**V.      <u>COUNT ONE</u> -- Sexual Harassment**

33.      Paragraphs 1 through 32 are hereby incorporated as paragraphs 1 through 32 of the First Count.

34.      During the course of her employment, the plaintiff was subjected to harassing remarks, sexually suggestive behavior, unwelcome advances by Managers at P.F. Chang's China Bistro that affected a term, condition or privilege of her employment in that it was sufficiently pervasive or severe to create a hostile, abusive, and offensive work environment.

35.      The discriminatory and harassing behavior was unwelcome and the plaintiff informed General Manager Ernest Scalzi that this behavior was unwelcome.

36.      The conduct of PF Changs and its managers created a hostile, abusive, and offensive work environment for the plaintiff in violation of Connecticut Fair Employment Practices Act, insofar as the conduct was sufficiently severe and pervasive so as to alter the terms and conditions of her employment. Said conduct by PF Changs and its managers also violates Connecticut Constitution Article First Section 1 (Equal Rights) and Section 20 (Equal Protection).

37.      Ernest Scalzi and Juan Bosio were supervisors over Charlotte Webb and therefore P.F. Chang's is liable for their manager's actions in this case.

38.      As a result of the defendant's conduct, the plaintiff has suffered past and future financial loss and past and future emotional distress.

## VI. COUNT <u>TWO</u> – Race Discrimination

39.      Paragraphs 1 through 32 are hereby incorporated as paragraphs 1 through 32 of the Second Count.

40.     During the course of her employment, the plaintiff, an African American, was subjected to disparate and unequal treatment by PF Chang's China Bistro, through its Hispanic and Caucasian managers. Said treatment affected terms, conditions or privileges of her employment in that it was sufficiently pervasive or severe to create a hostile, abusive, and offensive work environment.

41. The conduct of Ernest Scalzi and Executive Chef Juan Bosio created a hostile, abusive, discriminatory, and offensive work environment for the plaintiff in violation of Connecticut Fair Employment Practices Act, and the Connecticut State Constitution, insofar as the conduct was sufficiently severe and pervasive so as to alter the terms and conditions of her employment.

42.     Ernest Scalzi and Juan Bosio were supervisors over Charlotte Webb and therefore P.F. Chang's is liable for their manager's actions in this case.

43.     As a result of the defendant's conduct, the plaintiff has suffered past and future financial loss and past and future emotional distress.

## VII. COUNT THREE -- Violation of Conn. Gen. Stat. § C.G.S. 31-51m (Whistle Blower Statute)

44.     Paragraphs 1 through 9, and 18 through 32 are hereby incorporated as paragraphs 1 through 9, and 18 through 32 of the Third Count.

45.     Juan Bosio committed and/or was suspected of committing one or more crimes under the Connecticut Penal Code when on 06/11/14 he maliciously called Charlotte Webb a "bitch" and then immediately assaulted Ms. Webb.

46.     Not only was Bosio acting on behalf of PF Changs China Bistro in his capacity as Executive Chef, PF Changs China Bistro aided and abetted Bosio's criminality.

47. PF Changs China Bistro failed to properly train and supervise their Executive Chef, Bosio, and fostered an environment that allowed the assault and battery to occur.

48.     Charlotte Webb was discriminated against, subjected to a hostile work environment, and ultimately terminated from her employment due to the fact that Ms. Webb reported PF Changs and their Executive Chef's actual and/or suspected criminal behavior to the Stamford Police Department.

49.     As a result of the defendant's conduct, the plaintiff has suffered past and future financial loss and past and future emotional distress.


## VIII. COUNT <u>FOUR</u> –Free speech in workplace


50.     Paragraphs 1 through 9 and 18 through 32 are hereby incorporated as paragraphs 1 through 9 and 18 through 32 of the Fourth Count.

51.     Ms. Webb's report to the Stamford Police and the P.F. Chang's HR hotline on 06/11/14 was an exercise of her free speech rights pursuant to CGS 31-51q as well as her free speech rights under Article First of the Connecticut Constitution.

52.     Ms. Webb decision to call the police was partly due to her belief that PF Chang's China Bistro had a history of minimizing and/or covering up incidents involving assault, harassment, and other hostilities perpetrated by its employees. Ms. Webb was looking to protect other potential victims, not just herself.

53. Public policy against domestic violence and workplace violence is a matter of public concern and is codified in statutes such as CGS 54-85b (a)(2), among others, to protect employees who are victims of crimes.

54.     Ms. Webb's exercise of her free speech rights did not substantially or materially interfere with her bona fide job performance nor the working relationship between the Ms. Webb and P.F. Chang's.

55.     Charlotte Webb was swiftly terminated from her employment almost immediately after she exercised her free speech rights in support of public policy against workplace violence and victim's right by reporting Juan Bosio's assault and battery to the Stamford Police Department, as well as to P.F. Chang's corporate human resources hotline.

56. As a result of the defendant's conduct, the plaintiff has suffered past and future financial loss and past and future emotional distress.


**IX. COUNT <u>FIVE</u> – Workplace Tort (Assault and Battery)**


57.     Paragraphs 1 through 9 and 18 through 32 are hereby incorporated as paragraphs 1 through 9 and 18 through 32 of the Fourth Count.


58.     On 06/11/14 Juan Bosio, while in the scope of his duties as Executive Chef of PF China Bistro intentionally, maliciously and unlawfully put Charlotte Webb in fear of being struck, and Juan was positioned to actually commit the battery.

59. Executive Chef Bosio, in determining that Ms. Webb should not have taken the route

she took through the kitchen, inappropriately and outrageously admonished her by stating "where you going bitch", and chose to slap her as a form of punishment. Plaintiff claims this was Bosio's attempt to police orderly traffic flow in and out of the PF Changs kitchen.

60.     After Ms. Webb recognized the threat but before she could defend herself, Mr. Bosio intentionally and maliciously smacked her in the face against her will and without any justification or provocation.

61. Ms. Webb did not suffer any physical injury whatsoever from the assault and battery. She did suffer severe anxiety, emotional distress, and humiliation, primarily from the fear of assault, the hostility surrounding a job she sorely needed to pay her bills, as well as the severe stress and embarrassment caused by the outrageous conduct.

62. PF Chang's was negligent in their hiring, training, and supervision, of Mr. Bosio. PF Chang's aided and abetted Mr. Bosio's conduct.

63. Mr. Bosio's actions were in the course of his employment as Executive Chef with P.F. Chang's and therefore for that reason as well as what is stated in paragraph 61, the Defendant is liable for Mr. Bosio's assault and battery.

64.     As a result of the defendant's conduct, the plaintiff has suffered past and future financial loss and past and future emotional distress.

## X.  COUNT SIX - Intentional Infliction of Emotional Distress

65.     Paragraphs 1 through 32 are hereby incorporated as paragraphs 1 through 32 of the Six Count.

66. The managers and employees of P.F.Chang's in Stamford, on behalf of the Defendant and in the course of their employment, either intended to inflict emotional distress, or they knew or should have known that the conduct towards Charlotte Webb would result in the plaintiff suffering emotional distress.

67. A course of conduct by the management and employees of the Defendant towards and/or in the presence of Ms. Webb while she was employed at P.F. Chang's was malicious, extreme and outrageous, and caused her severe emotional distress.

68. P.F. Chang's China Bistro is liable for the acts of their management because they knew or should have known about the extreme and outrageous conduct of said management and because the Defendant failed to adequately hire, train and supervise its managers and employees in a manner that would have avoided the intentional yet preventable extreme and outrageous conduct stated in paragraphs 10 through 30.

69. P.F. Chang's aided and abetted the extreme and outrageous and illegal conduct of its management towards Ms. Webb because PF Chang's China Bistro knew or should have known about their management's ongoing course of conduct towards Ms. Webb and other employees. Furthermore, Plaintiff contends that PF Chang's had actual knowledge of extreme and outrageous hostile, discriminatory, and/or harassing conduct by management at multiple locations across the around the United States. Plaintiff claims it's a matter of public record that PF Chang's China Bistro has a history of acknowledging and addressing aforementioned actionable conduct by its management only after a complaint has been filed with a public body such as an agency or court.

70.     As a result of defendant's and/or their employees knowing and intentional conduct, the plaintiff has suffered financial loss as well as severe emotional distress and the Defendant bears the liability for said distress.

## XI.     <u>COUNT SEVEN</u> – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS DURING THE TERMINATION PROCESS

71. Paragraphs 1 through 32 are hereby incorporated as paragraphs 1 through 32 of the Seventh Count.

72. Defendant's conduct during the termination process was very unreasonable in light of the facts of this case and created an unreasonable risk of the kind of emotional harm to the Plaintiff that might cause illness. Said risk of emotional harm was foreseeable by the Defendant.

73. The fact that the Plaintiff was a victim of workplace violence at her PF Chang's workplace roughly 3 weeks before her termination by itself made the manner and timing of her firing grossly unreasonable, albeit not the only unreasonable aspect of the way the termination process was handled. The Plaintiff's status as a victim, among other reasons, made the high risk of emotional harm extremely foreseeable.

74. Defendant did not handle Ms. Webb's termination in accordance with their employee handbook and all other corporate employment exit procedures. Defendant did not take into account her victim status in terms of the manner and timing of her termination.

75. The Defendant did not offer the Plaintiff any warning that she was in danger of being terminated let alone offer any probationary period. Defendant also never bothered to offer any services nor accommodations to the Plaintiff despite being a victim of workplace violence by their long time Executive Chef under PF Chang's supervision about 3 weeks prior to her termination.

76.    As a result of defendant's negligence, the plaintiff has suffered a financial loss as well as severe emotional distress.

## XII. COUNT EIGHT–WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

77. Paragraphs 1 through 32 are hereby incorporated as paragraphs 1 through 32 of the Eighth Count.

78. The common law tort for wrongful discharge in violation of public policy generally offers broader remedies than the relevant statutory claims.

79. Public policy strongly favors the prevention of workplace violence, as well as violence perpetrated by men against women, and dictates that an employee such as Charlotte Webb should be protected from suffering malicious abuse and violence in the workplace and in the course of their employment.

80. Public Policy also dictates that employers must not be negligent in their duties in

properly hiring, training, supervising, and terminating employees, especially managers.

81. Public Policy also favors correcting patterns of wrong, negligent, immoral and/or illegal behavior by very large national public corporations such as P.F. Chang's. To the best of plaintiff's knowledge and belief P.F. Chang's nationwide has some past history in terms of allowing or nor adequately attempting to prevent discrimination, harassment, and a hostile work environment. PF Chang's national headquarters had actual knowledge that such discrimination, harassment and other wrongful conduct had taken place in some of its locations. Furthermore, PF Chang's knew or should have known that such unacceptable illegal conduct was taking place in Stamford Connecticut. The Defendant and other large corporations need to be put on notice that the type of bad behavior described in this complaint will not be tolerated.

82. In contravention of public policy PF Chang's failed to implement and execute adequate procedures to prevent the type of discrimination, harassment, retaliation, and wrongful termination claimed by the Plaintiff.

83. PF Chang's failed to provide and/or advise the Plaintiff about the procedures, remedies, and rights afforded to her under the Defendants Employee Handbook in regards to sections reasonably related to the termination process.

84. The Connecticut Constitution protects the Plaintiff's free speech right, due process under the law, the free exercise of her civil rights, as well as the right to be free of discrimination

on the basis of color and/or race.

85. Should other potential remedies fail to meet their statutory or common law thresholds to succeed, it would still be a manifest injustice for Charlotte Webb to be denied any kind of relief based on the intentional and/or grossly negligent conduct outlined above.

86. As a result of the defendant's and/or their employees conduct, the plaintiff has suffered a financial loss as well as severe emotional distress and the Defendant must bear the liability for said distress and damages.

## XIII. COUNT NINE –FAILURE TO PROTECT VICTIM UNDER CGS 54-85b

87. Paragraphs 1 through 32 are hereby incorporated as paragraphs 1 through 32 of the Ninth Count.

88.  Defendant was aware that Plaintiff participated in a police investigation on 06/11/2014 regarding a violent act perpetrated against her by PF Chang's Executive Chef Juan Bosio.

89.  Defendant knew or should have known that a protective order was issued on behalf of the Plaintiff as a matter of course when Juan Bosio was arrested for assaulting the Plaintiff.

90.  Despite the protection afforded to Plaintiff by Connecticut General Statute 54-85b, Defendant terminated Plaintiff.

91. Plaintiff suffered economic and emotional damage and should be compensated as called for by CGS 54-85b.

## XIV. COUNT TEN – RETALIATION ON THE BASIS OF RACE/SEX

92. Paragraphs 1 through 32 are hereby incorporated as paragraphs 1 through 32 of the Tenth Count.

93. Plaintiff's complaint to the Police on 06/11/2014 was motivated in part by the discriminatory, harassing, and hostile work environment at PF Chang's, leading up to and including the assault by the Defendant's Executive chef.

94. Plaintiff claims that discriminatory intent was part of the motivation for the Defendant's managers illegal conduct alleged in this complaint.

95. Plaintiff claims that PF Changs China Bistro had a retaliatory intent when they terminated her employment roughly 3 weeks she complained to Police about Defendant's Executive Chef's workplace assault.

96. Plaintiff was harmed financially and emotionally by the Defendant's retaliation and should be compensated accordingly.

## XV. COUNT ELEVEN – DEFENDANT AIDED AND ABETTED DISCRIMINATORY PRACTICES

97. Paragraphs 1 through 32 are hereby incorporated as paragraphs 1 through 32 of the Eleventh Count.

98. PF Chang's China Bistro knew or should have known about discriminatory conduct by its local management.

99. PF Chang's should be held to a higher standard in protecting employees against discriminatory practices based on the company's experience with defending and settling

discriminatory practices nationally, as well as due to the size and resources of the company.

100. PF Chang's failed to take reasonable steps to prevent discrimination/harassment in the workplace through the implementation of adequate hiring, training, and supervisory procedures.

101. PF Chang's failed to prevent workplace discrimination/harassment through methods including but not limited to: Conspicuously posting and maintaining workplace posters such as the one required by CGS 54(15)(A) and other posters required by the CHRO and/or EEOC; and providing adequate training for employees to prevent discrimination/harassment; failure to provide adequate periodic refresher courses and/or reminders about the importance of avoiding such unlawful conduct.

102. PF Chang's either knowingly or with reckless disregard for the realities of their workplace aided and abetted the discriminatory conduct by its employees in Stamford, CT. PF Chang's either through commission or reckless omission aided and abetted the wrongful conduct described herein.

103. The Plaintiff suffered financial and emotional harm and should be compensated due to the Defendant's aiding and abetting discrimination in violation of CGS 46-60(a)(5).

## XVI. COUNT TWELVE – NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISON

104. Paragraphs 1 through 32 are hereby incorporated as paragraphs 1 through 32 of the Twelfth Count.

105. PF Chang's hired management for its Stamford location that were unfit and incompetent to manage employees within the bounds of both the law and company policies.

106. Prior to the workplace violence assault on the Plaintiff, PF Chang's retained management at its Stamford location even after they became aware (or should have been aware) of problems that

indicated their local management was unfit for their positions to a degree that was likely to cause harm to the Plaintiff through the actionable abuse and violent conduct cited.

107. PF Changs had actual or constructive notice of the behavior by local management that lead to the harm suffered by the Plaintiff. Said conduct by local PF Chang's management was foreseeable,

108. PF Chang's has exhibited a pattern of negligent hiring, retention, training, and supervision beyond just the Stamford location.

109. PF Chang's failed to adequately train and supervise their employees to reasonably prevent the type of harm suffered by the Plaintiff.

110. PF Chang's had a duty to sufficiently hire, train, retain, and supervise employees to reasonably prevent harm to the Plaintiff, Charlotte Webb.

111. PF Chang's breached their duty cited in paragraph 110.

112. The Plaintiff suffered financial and emotional harm as a result of PF Changs management's actions and thereby also suffered harm as a result of the Defendant's negligence to adequately hire, retain, train, and supervise to avoid said harm.

## XVII. COUNT THIRTEEN – FAILURE TO ACT / DUTY TO PROTECT EMPLOYEES FROM WORKPLACE VIOLENCE

113. Paragraphs 1 through 32, and 105 through 112, are hereby incorporated as paragraphs 1 through 32, and 105 through 112 of the Thirteenth Count.

114. Workplace violence has been a growing phenomenon over the last 30 or more years.

115. Public policy dictates that employers take adequate measures to protect employees from foreseeable risks of harm.

116. The question of whether or not PF Changs is liable for the illegal civil and criminal acts of their employees does not absolve the Defendant from their duty to protect employees from the violent acts of third parties.

117. PF Chang's either had or assumed a duty to protect Charlotte Webb from work place violence.

118. PF Changs made an express or implied promise to the Plaintiff and other employees to protect them from workplace violence by providing a safe and secure environment.

119. Another way that PF Chang's assumes a duty to protect is by voluntarily placing cameras throughout its facility, including in the kitchen area, in order to protect employees and customers.

120. PF Chang's was bound to exercise its duty to protect Charlotte Webb with reasonable care. PF Chang's failed to exercise reasonable care.

121. PF Chang's failed to institute reasonable procedures to prevent foreseeable workplace violence, including but not limited to: failing to adopt and implement adequate workplace violence prevention programs; adopting, implementing, and adequately training employees in regards to a workplace crises plan; failed to take steps to assure that there are no reprisals against victims of violence; and failed to refer employee perpetrators and victims of violence to adequate counseling resources, among other failures.

122. The Plaintiff suffered financial and emotional harm as a result of the Defendants breach of their duty to protect her from workplace violence.

## XIII.   PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays this Court take jurisdiction over this case and grant judgment in her favor and against the defendant.  Plaintiff requests a jury trial and prays that the following relief be ordered:

a.   the plaintiff be awarded the economic damages she has suffered, pursuant to all counts, including lost compensation, benefits, bonuses, commissions, and medical expenses incurred;

b.   the plaintiff be compensated for the emotional harm she suffered;

c.   the plaintiff be awarded reasonable attorney fees and costs;

d.   punitive damages;

e.   interest on any award; and

f.   such other relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF BY HER ATTORNEY
By: */s/* Albert Unger  Federal Juris# 26822

ALBERT UNGER, ESQ.
JURIS NO.424392
ALBERT UNGER, ESQ.
PO BOX 10716
STAMFORD, CT 06904
(203) 363-0599
(203) 363-0591 (fax)
(888) 231-6466 (eFax)
ALBERT@ATTORNEYUNGER.COM

Attachment: Exhibit A – CHRO Release Letter (refer to original complaint)

## **CERTIFICATION**

I hereby certify that on June 1, 2015, a copy of the foregoing Amended Complaint was filed electronically.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


_____*/s/ Albert Unger*_____
Albert Unger